## Stephenson *v.* Brown, Appellant.

*Duty of court to lay down rule as to damages.*

It is the duty of the court in an action of trespass for injury to land to lay down a rule by which the jury may ascertain the damages in an intelligent manner.

An instruction that if the jury find that the trespass was willful the plaintiff should have damages, is calculated to give the impression that the plaintiff could only recover if the defendants conduct was willful. It is misleading, because willfulness affects the measure of damages, not the right thereto.

*Trespass—Vindictive damages—Evidence—Charge to jury.*

In an action to recover damages for the obstruction of an alley where it appears that the plaintiff made no serious objection to the obstruction and only instituted the suit at the instigation and under the threats of his landlord, it is improper to charge that " if the defendant has willfully used the plaintiff's land for a purpose not authorized, after being remonstrated with, and the jury believe he had done so in willful disregard of plaintiff's right, they would have a right to find a verdict for the plaintiff for vindictive damages as a punishment to defendant."

Argued Jan. 12, 1892. Appeal, No. 123, July. T., 1891, by James Brown, Jr., defendant, from judgment of C. P. No. 1 of Phila. Co., Sept. T., 1889., No. 87, on verdict for William Stephenson, plaintiff. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages for the obstruction of an alley.

At the trial before ALLISON, J., it appeared that the plaintiff was the tenant of a small barber shop and cigar store. The defendant was the tenant of the adjoining premises which he used as a tube factory. Between the two buildings was an alley. The soil of three feet of this alley belonged to the plaintiff's property but over it the defendant had a right of way.

At the time the plaintiff leased his property, the defendant had
a beam with rope and pully attached projecting from a window
in the third story of his building overlooking the alley.   This
extended beyond his part of the alley some ten or twelve
inches.   The defendant used the pulley for hoisting and lower-
ing goods.   Other facts appear by the opinion of the Supreme
Court.   Verdict and judgment for plaintiff for $450.

Defendant appealed.

*Errors assigned,* inter alia, were (9) the portion of the charge
quoted in the opinion of the Supreme Court; (13) answer to
plaintiff's point quoted in the opinion of the Supreme Court.

*George P. Rich, Mayer Sulzberger* with him, for appellant,
cited, on the question of punitive damages : Nagle v. Mullison,
34 Pa. 48; Pittsburgh Co. v. Taylor, 104 Pa. 306; as to failure
to lay down rule for damages : Gilmore v. Hunt, 66 Pa. 321.

*John Dolman,* for appellee, cited Railroad Co. v. Lyon, 123
Pa. 150; Douty v. Bird, 60 Pa. 52.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 25, 1892.

Upon the argument at bar the appellant abandoned all of
his specifications of error but the ninth and thirteenth.   The
ninth specification alleges that the court below erred in charg-
ing the jury as follows, viz. : " The amount of damage, if you
find for plaintiff, is entirely for the jury.   You will have to
say if there was anything in the conduct of Bernard, or Brown,
under him, that showed it to be willful after objection.   If so,
plaintiff would be entitled to damages."

The objection to this instruction is, that it prescribes no
measure of damages for the jury.   It was undoubtedly the duty
of the court below to have instructed the jury upon this ques-
tion, and to have laid down a rule by which they could have
ascertained the damages in an intelligent manner.   As, how-
ever, the defendant did not put a point to the court, or ask for
specific instructions in regard to damages, it was a sin of omis-
sion only, and we always hesitate to reverse a judge for omit-
ting to do what he was not asked to do.   In this case, had his
attention been called to the omission, even at the close of his
charge, he would doubtless have corrected it.   There is this
further criticism to be made to the portion of the charge re-
ferred to.   It was calculated to give the jury the impression

that the plaintiff could only recover in case the defendant's conduct had been willful, whereas, if the defendant had obstructed the use of the alley, the plaintiff would be entitled to recover damages. The fact that such obstruction was willful, might affect the measure of damages, but not the right to recover.

The thirteenth specification alleges error in affirming the plaintiff's fourth point. Said point is as follows: "If the defendant has willfully used the plaintiff's land for a purpose not authorized, after being remonstrated with, and the jury believe he has done so in willful disregard of plaintiff's rights, they would have a right to find a verdict for the plaintiff, with vindictive damages, as a punishment to defendant."

The jury found a verdict for the plaintiff for $450, upon which judgment was entered. That this verdict was largely made up of vindictive damages, is apparent from the fact that the plaintiff was the tenant of a small barber shop and cigar store, leased by him in January, 1888. This suit was commenced on Dec. 6, 1889. We are not informed as to the amount of rent plaintiff was to pay for the property, but it could not have been large, and did not probably greatly exceed the amount of the verdict. Such a result can only be accounted for upon the ground that the damages were vindictive.

An examination of the evidence fails to disclose anything to justify the instruction complained of. The parties were neighbors, and, for anything that appears, were friendly up to the time of this suit. The defendant says in his testimony: "I never knew the plaintiff complained of any obstruction in the alley ; we were the best of neighbors. After the suit was brought, I saw plaintiff, and he said he did not know about it. Both Mr. and Mrs. Stephenson said they had to sue me or leave the premises: that Bramble said they would put them out if they did not sue me." This testimony was not contradicted by either the plaintiff or his wife, although both were examined as witnesses. Nor is there any evidence that either of them made any serious objection or protest against the use of the alley by the defendant. Mrs. Stephenson did say, when recalled in rebuttal: "I asked Brown to take some bags out of the alley so that I could get out. He said he would do so in five minutes; did not for three quarters of an hour." This is

all there is to show objection 'on the part of the plaintiff to the obstruction of the alley. It is true, James Bramble, the landlord, said that he " objected to the defendant in the obstruction of the alley. He claimed that he had the right to use it as he did." But the defendant was not bound to regard the landlord's objection, as he was not in the possession of the premises. And if, as there is evidence to show, the suit was brought reluctantly, and at the instigation of the landlord, there is the more reason why the plaintiff would not be entitled to recover vindictive damages. We find nothing in the conduct of the defendant to justify the plaintiff in claiming more than compensation for the actual damages sustained from the obstruction of the right of way; nothing for which the defendant should be punished.

Judgment reversed, and a venire facias de novo awarded.